UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID GORE, individually and on behalf of others similarly situated | * | CIVIL ACTION NO.: CIV-21-1112-G |
| | * | |
| VERSUS | * | JURY TRIAL REQUESTED |
| | * | |
| CIRCLE 9 RESOURCES, LLC | * | |

*****************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiff, David Gore, individually and on behalf of all other similarly situated, brings this collective action complaint against Defendant, Circle 9 Resources, LLC and alleges as follows:

### I. OVERVIEW

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§201, *et seq.*, to recover unpaid overtime compensation under §216(b) individually and as a collective action on behalf of all current and former pumpers, relief pumpers and electricians employed by Defendant within the last three (3) years who were not paid overtime for all hours worked in excess of forty (40) in a workweek as required by §207(a) of the FLSA.

### II. PARTIES

2. Plaintiff, David Gore, is a major individual domiciled in the County of Seminole, State of Oklahoma, who was employed by Defendant from 2017 until approximately November 5, 2021.

3. Plaintiff has consented to filing and participating in this action, as evidenced by his opt-in consent form, attached hereto as Exhibit "1".

4. Defendant, Circle 9 Resources, LLC ("Circle 9"), is a domestic limited liability company domiciled at 2308 Northwest 54th Street, Oklahoma City, Oklahoma 73112, and may be served through its registered agent, Capital Document Services, Inc., 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

1

### III.   JURISDICTION AND VENUE

5. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §1331 as Plaintiff asserts claims under the FLSA, 29 U.S.C. §201, *et seq.*, to recover unpaid overtime under §216(b).

6. Venue is proper in this District as Defendant conducts business and is domiciled in the Western District of Oklahoma and a substantial part of the events giving rise to the claims sued upon herein occurred within this District.

### IV.   FACTS

7. Plaintiff was employed by Defendant as a relief pumper and the Collective Members are or were employed by Defendant as pumpers, relief pumpers and electricians all of whom were misclassified by Defendant as FLSA exempt and were illegally paid on a salary basis.

8. Defendant Circle 9 is an Oklahoma City based energy company engaged in the operation and development of oil and natural gas resources in East Central Oklahoma.

9. Plaintiff and Collective Members' duties included operating and maintaining oilfield equipment such as pumps and valves, checking and maintaining pump flow rates, performing maintenance and repairs to oil field equipment, pumps, meters and gauges, calibrating and testing equipment and running flow tests on wells.

10. Plaintiff and the Collective Members job duties did not qualify for any FLSA overtime exemption.

11. Plaintiff and the Collective Members were on-call twenty-four (24) hours a day six (6) days a week.

12. Plaintiff and the Collective Members were required to immediately respond to any work call out notification all of which required them to travel to worksites and perform compensable work activities no matter what time of day.

13. Plaintiff and the Collective Members routinely worked more than forty (40) hours in a workweek.

14. The Collective Members were also regularly scheduled to and did work hours and schedules similar to Plaintiff.

15. Defendant failed to pay Plaintiff and the Collective Members an overtime premium for all hours worked over forty (40) in a workweek. Instead, Defendant paid Plaintiff and the Collective Members a fixed salary.

16. Plaintiff's salary was $1,923.08 gross pay every two weeks. Plaintiff was advised at the time he began his employment as a relief pumper that his salary was intended to compensate him for forty (40) hours of work every week. Plaintiff was told by Defendant that his workweek was seven (7) am to three (3) pm., five (5) days per week.

17. The Collective Members were also paid a salary based on forty (40) hours of work per week and, like Plaintiff, worked far in excess of the number of hours that their salary was intended to compensate.

18. Plaintiff and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime for all hours worked over forty (40) in a workweek. Defendant misclassified Plaintiff and the Collective Members as FLSA overtime exempt when their job duties did not qualify for any such exemption and they were both in fact and in law FLSA non overtime exempt.

19. Defendant was aware that Plaintiff and the Collective Members worked more than forty (40) hours in a workweek as Defendant scheduled work assignments for Plaintiff and the Collective Members and were aware, based on their time tracking system, of the amount of time spent working.

20. Plaintiff and the Collective Members were all subject to Defendant's uniform policy of classifying them as FLSA overtime exempt and not paying overtime.

21. Defendant knowingly, willingly or in reckless disregard of the law maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) in the past three (3) years, thus violating §7 of the FLSA, 29 U.S.C. §§207 and 215(a)(2).

## V. COLLECTIVE ACTION ALLEGATIONS

22. The Collective of similarly situated employees sought to be conditionally certified for purposes of Notice under 29 U.S.C. § 216(b) is defined as:

> All current and former pumpers, relief pumpers and electricians employed by Circle 9 Resources, LLC within the last three (3) years. ("Collective Members")

23. Defendant's practice and policy of misclassifying Plaintiff and the Collective Members as FLSA overtime exempt and not paying overtime premiums affects Plaintiff and the Collective Members uniformly and is a willful violation of the FLSA.

24. The Collective Members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay, employment and payroll practices.

25. Defendant's failure to pay overtime to Plaintiff and the Collective Members results from a generally applicable systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated.

26. The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment. All Collective Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in nature, there is no detraction from the common nucleus of liability facts regarding

the FLSA violation alleged herein.

## VI. COVERAGE UNDER THE FLSA

27. At all relevant times, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

28. At all relevant times, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

29. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

30. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

31. At all relevant times, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

32. Defendant, Plaintiff and the Collective Members used phones, computers, materials and equipment that was manufactured in and/or shipped from states and/or countries other than Oklahoma in performing their job duties. Further, Defendant utilized the internet, computers and cell phones in their business activities and accepted checks, bank wires, credit cards and electronic payments and processed other transactions from customers through interstate banks and financial institutions, as well as performing work activities in states other than the State of Oklahoma, all of which constitutes interstate commerce.

## VII. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

33. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

34. Employers such as Defendant can pay non-exempt employees such as Plaintiff and the Collective Members on a salary basis *provided* the employees receive overtime pay for hours worked in excess of forty (40) in a workweek. 29 C.F.R. §778.113.

35. Defendants' failure to pay overtime violates the FLSA.

36. Defendant knowingly and intentionally violated the FLSA by intentionally misclassifying Plaintiff and the Collective Members as FLSA overtime exempt when their job duties did not qualify for any overtime exemption.

37. Plaintiffs and the Collective Members were paid a salary that was intended to compensate them for forty (40) hours of work per week. Plaintiff and the Collective Members' overtime rate must be calculated by dividing their weekly salary by forty (40), pursuant to 29 CFR §778.113(a).

38. Plaintiff and the Collective Members are entitled to unpaid overtime, liquidated damages, interest, attorney fees and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for judgment in his favor and against Defendant as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members as soon as practicable to ensure that the Collective Members' claims are not lost to the FLSA statute of limitations;

2. For Judgement finding Defendant is liable for unpaid overtime wages due and owing to Plaintiff and the FLSA Collective members and for liquidated damages equal in amount to the unpaid compensation;

3. For an award of costs of this action as provided under the FLSA;

4. For an award of attorneys' fees as provided under the FLSA;

5. For an award of pre- and post-judgment interest; and

6. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

By    Philip Bohrer
*phil@bohrerbrady.com*
Scott E. Brady
*scott@bohrerbrady.com*
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

**Attorneys for Plaintiff**