# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID GORE, individually and on behalf of others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) ) | Case No. CIV-21-1112-G
| **CIRCLE 9 RESOURCES, LLC,** | ) ) |
| **Defendant.** | ) |

## ORDER

Now before the Court is Plaintiff David Gore's Unopposed Motion for Conditional Class Certification and Notice (Doc. No. 19). Plaintiff brought this action individually and on behalf of all others similarly situated against Defendant Circle 9 Resources, LLC for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for failure to pay overtime compensation. *See* Compl. (Doc. No. 1). By the instant Motion, Plaintiff seeks conditional certification of a proposed class of similarly situated persons and approval of a notice to be sent to potential class members. The Motion states that Defendant does not oppose the relief requested in the Motion.

The FLSA provides for class actions as follows:

> An action to recover the liability prescribed in either of the preceding sentences [regarding unpaid minimum wages and overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  Plaintiff's Motion requests approval for a "widely accepted procedure for conditional class certification under FLSA's opt-in class mechanism, which does not adopt the class action standards of Fed. R. Civ. P. 23 but employs an undefined 'similarly situated' standard."  *Blankenship v. Kwick Rentals, LLC*, No. CIV-15-1057-D, 2016 WL 4734686, at *4 (W.D. Okla. Sept. 9, 2016) (citing *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001)).  The Tenth Circuit approved of this two-tiered, *ad hoc* approach:

> In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated."  In doing so, a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.  At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated."  During this "second stage" analysis, a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations . . . .

*Thiessen*, 267 F.3d at 1102-03 (internal quotations and quotations omitted).  "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (citations omitted).

Plaintiff defines the putative FLSA class for conditional certification as: "[a]ll current and former pumpers, relief pumpers and electricians employed by Circle 9 Resources, LLC within the last three (3) years" (the "Putative FLSA Class").  Compl. (Doc. No. 1) ¶ 22.  Plaintiff alleges that Defendant had a policy and practice of misclassifying

members of the Putative FLSA Class as exempt from overtime and that Defendant therefore failed to pay them overtime compensation to which they were entitled under the FLSA. *Id.* ¶ 21.

Upon consideration of the Motion and Plaintiff's allegations, the Court ORDERS as follows:

1. The Court finds that Plaintiff has adequately alleged for the purpose of conditional certification that Defendant has a policy and practice of misclassifying members of the Putative FLSA Class as exempt from overtime compensation. The Court therefore conditionally certifies the Putative FLSA Class under 29 U.S.C. § 216(b) for the purpose of giving notice of this overtime wage case to similarly situated employees of Defendant.

2. The Court approves the unopposed form of notice proposed by Plaintiff, attached as Exhibits 2-7 to the Motion.

3. The notice and opt-in schedule shall be as follows:

| Deadline | Description |
| --- | --- |
| September 27, 2022 | Defendant to produce the names, last known addresses, personal email addresses, if known to Defendant, cell phone numbers, and dates of employment of the Putative FLSA Class members in a usable electronic format. |
| October 12, 2022 | Plaintiff's counsel shall send by email a copy of the approved notice and consent forms (Exs. 2, 3) and shall send the email (Ex. 4) and text (Ex. 5) to the Putative FLSA Class members. |
| November 14, 2022 | Deadline for the Putative FLSA Class members to return their signed consent forms for filing with the Court. |

| | |
|---|---|
| October 12, 2022 | Plaintiff's counsel is authorized to send by mail the reminder postcard (Ex. 6) to the Putative FLSA Class members to remind them of the deadline for the submission of the consent forms. |

IT IS SO ORDERED this 12th day of September, 2022.

_____
CHARLES B. GOODWIN
United States District Judge